**William C. Rand, Esq.** (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
**Jeffrey M. Gottlieb, Esq.** (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 0 2 2009 ★

BROOKLYN OFFICE

09   3806

GARAUFIS, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TROY G. THOMAS, Individually and on Behalf
of All Other Persons Similarly Situated,

          Plaintiffs,

-against-

NESTLE WATERS NORTH AMERICA INC.,
and JOHN DOES #1-10,

          Defendants.
----------------------------------------------------------------X

CARTER, M.J.

ECF

09 Civ. _____

**COMPLAINT AND
JURY DEMAND**

Plaintiff TROY G. THOMAS ("Plaintiff"), on behalf of himself individually and as class representatives of other employees similarly situated, by and through his attorneys, complains and alleges for his complaint against NESTLE WATERS NORTH AMERICA INC., and JOHN DOES #1-10 (together "Defendant") as follows:

## NATURE OF THE ACTION

1.     Plaintiff TROY G. THOMAS alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for overtime work performed for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff TROY G. THOMAS, was, at all relevant times, an adult individual, residing in Queens County, New York.

7. Upon information and belief, Defendant NESTLE WATERS NORTH AMERICA INC. ("Corporate Defendant") operated a business in Kings County at 460

Kingsland Ave., Brooklyn, N.Y. 11222, and is a Delaware corporation, with its principal place of business at 777 West Putnam Avenue, Greenwich, Connecticut 06836.

8. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since September 2, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

10. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11. Plaintiff will fairly and adequately protect the interests of the Collective Action

3

Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

12. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are

    a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

    b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

    c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e. whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendant should be enjoined from such violations of the FLSA in the future.

14. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

15. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

16. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since September 2, 2003, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

17. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the

5

facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

18. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

19. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

21. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

22. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

   b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future; and

## STATEMENT OF FACTS

23. Troy Thomas ("Thomas") was a delivery driver with the title "Route Sales Representative" ("RSR") employed by Defendant Nestle Waters North America, Inc.

24. Thomas worked for Defendant from May 19, 2008 until July 29, 2009 (the "time period").

25. Thomas worked as a delivery driver with the title of RSR operating out of the warehouse located at 460 Kingsland Ave., Brooklyn, N.Y. 11222 (the 'Warehouse").

26. Thomas' job responsibilities included, among others, driving company trucks, delivering water products to locations in Brooklyn, unloading water products at customer locations, selling water products to existing customers in Brooklyn, inputting information into hand held computer (the "HHC"), and tracking inventory.

27. Among other products, Thomas delivered 5 gallon water jugs for placement on coolers, Poland Spring cases of bottled water, cups, Arizona Iced Tea sticks for water bottles,

7

and water coolers.

28. Thomas only made sales to existing customers to whom Thomas was delivering water products.

29. The sales Thomas made to customers were incidental to his deliveries and were generally less than 15% of his total deliveries.

30. Thomas did not receive any sales commissions on his individual sales.

31. Thomas was never directed to meet a customer solely for the purpose of sales and only met customers to whom Thomas was making deliveries.

32. Thomas' primary duties and responsibilities were to deliver water products.

33. Thomas was assigned a daily route schedule covering a twenty-one day period.

34. Thomas commenced work at the Warehouse at 5:45 a.m.

35. Thomas attended a RSR meeting at 5:45 each morning at the Warehouse and then picked up his delivery truck, checked the inventory on the truck and then made deliveries pursuant to his assigned schedule.

36. Thomas did not take meal breaks but ate while working.

37. Thomas generally did not finish his delivery schedule until 5:30 p.m to 6:30 p.m. each evening.

38. Thomas worked Monday through Friday and was required to work an additional three Saturday shifts each year.

39. Thomas worked an average of about 60-70 hours a week.

40. Each morning Thomas picked up his HHC from the office of the Warehouse and immediately logged into his HHC with his employee number and social security number.

41. When Thomas returned after his shift to return the truck, Thomas also logged

8

out of the HHC using his employer identification number and social security number and then returned the HHC to its loading dock.

42. Thomas' schedule included only customer locations in Brooklyn.

43. Thomas never drove the company truck outside of New York State.

44. Thomas was paid an annual salary of about $32,000.

45. Thomas was paid an average of about $800 extra each month as an amount which varied monthly depending on a revenue formula and was called a revenue sharing monthly bonus.

46. Thomas was required to wear a uniform which consisted of a green shirt with a Poland Springs logo, blue pants, and a Poland springs baseball hat.

47. Thomas was never paid any monies for cleaning his uniform.

48. Defendant hired other delivery drivers with the title of Route Sales Representatives, who also were not paid time and one half for all of their overtime.

49. Upon information and belief Thomas worked for Defendants with at least 60 other similar delivery driver employees who had duties similar to himself and similarly were not paid time and one half their regular wage for their hours worked over forty in a workweek.

50. Thomas' duties and the duties of the other delivery drivers did not include managerial responsibilities or the exercise of independent business judgment.

51. Thomas' duties and the duties of the other delivery drivers did not include the power to hire or fire employees.

52. Thomas' and the other similar delivery drivers' work was performed in the normal course of the Defendant's business and was integrated into the business of Defendant.

53. The work performed by Thomas and the other similar delivery drivers required

9

little skill and no capital investment.

54. Defendants did not pay Thomas time and one half for all of his hours worked over 40 in a week ("overtime").

55. In addition to himself, during the time period, other persons employed by Defendants as delivery drivers performed the same or similar work as Thomas.

56. Upon information and belief, Defendant hired at least 60 of such similar employees.

57. Thomas and the other similar delivery driver employees regularly worked more than 40 hours per week for Defendant.

58. Thomas and these other similar delivery driver employees worked more than 40 hours per week and were not paid time and one half for our overtime hours.

59. Throughout the time period that Thomas worked at Defendants, and, upon information and belief, both before that time and continuing until the present, Defendants have likewise employed other individuals, like himself, in positions as delivery drivers.

60. Such individuals have worked in excess of 40 hours per week, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate for all their overtime hours worked.

61. Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff for his overtime compensation at one and one-half times his regular hourly rate, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

62. In addition to the Plaintiff, during the time period Defendant employed at least 60 other similar employees simultaneously.

10

63. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

64. Such individuals have worked in excess of 40 hours a week, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

65. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

66. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records.

67. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment and while Defendant employed Plaintiff and the Collective Action Members, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

68.  Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.  At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

70.  At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

71.  Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

72.  Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

73.  At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

74.  As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

75.  As a result of the Defendant's failure to record, report, credit and/or compensate

12

its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

76. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77. Due to the Defendant's FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendant, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

78. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79. At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

80. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

81. The Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

82. Due to the Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

83. Plaintiff waives his right to punitive damages under the New York Labor law contingent on the continued existence of his class action claims.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the New York Labor Law;

e. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
September 2, 2009

LAW OFFICE OF WILLIAM COUDERT RAND

By: /s/ WMC.R

William Coudert Rand (WR 7685)

New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909

Jeffrey M. Gottlieb, Esq. (JG 7905)
Dana L. Gottlieb, Esq. (DG-6151)
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
ATTORNEYS FOR PLAINTIFFS

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Nestle Waters North America, Inc_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   08.17.09   Troy G. Thomas.
Signature                   Date       Print Name